# THE HENRY WATERHOUSE TRUST COMPANY, LIMITED, TRUSTEE FOR SARAH E. BROWN, v. THOMAS TREADWAY, ET AL.

## No. 1642.

### APPEAL FROM CIRCUIT JUDGE SECOND CIRCUIT. HON. D. H. CASE, JUDGE.

SUBMITTED JUNE 2, 1926.                    DECIDED JULY 14, 1926.

LINDSAY AND BANKS, JJ., AND CIRCUIT JUDGE PARSONS IN PLACE OF PERRY, C. J., DISQUALIFIED.

PARTITION OF LAND—*wills—partial intestacy.*

In construing a will there is a strong presumption against partial intestacy. When the language of a will is susceptible of two constructions, one producing and the other avoiding a partial intestacy, the latter is to be favored.

WILLS—*devise to class.*

Where the property is devised to "sons and daughters and grandchildren" the division among them is to be *per capita,* even though the beneficiaries are not named individually, unless a contrary intent appears in the will.

### OPINION OF THE COURT BY BANKS, J.

This is a suit for the partition of land situate on the Island of Molokai. It is conceded that the complainant is entitled to a decree ordering the land partitioned by metes and bounds if that method is feasible, otherwise that it be sold and the proceeds distributed according to the proportionate interests of the respective parties. The dispute, which is between the children and grandchildren of one Michael J. Nowlein, deceased, is as to the proportionate interest each of them has in the land in question. The settlement of this dispute depends on the construction of the last will and testament of the said Nowlein. This will was executed on the 4th day of August, 1864,

and was admitted to probate on the 8th day of March, 1865. The testator devised in fee certain specifically mentioned property to certain specifically named persons and as to these devises there is no question and they are not involved in the present suit. The portion of the will under which all the parties to this proceeding claim to derive their respective interests in the land sought to be partitioned is as follows: "I give and devise and Bequeath unto my sons and daughters and grandcheldren for anney and all that shuld lick to Plant Cane or Coffe or anne things els that this upper Part of the land Caled Keaupukaloa on the Island of Molokai and thes is to say that Part therefor wich is Separated from my residence by the water Course or gulch that is to say from the top of the land to the sea thay shall all have the right of fishing and wood and teel eves in Common to have and to hold the same unto the sade sons and daughters and Grandcheldrin for ever But with this Express resevration that neither theay nor anna of them nor any Person in thear Behalf or in Behalf of any of them shall have Power to Convay or assign any of thear right and Preveleges in saed Estate to any Person whatsoever."

In respect to this clause of the will the complainant makes alternative contentions, under either of which she claims that the grandchildren of Michael J. Nowlein have only such estate in the land described as they acquired by inheritance from their deceased parents, who were the children of Michael J. Nowlein. One of these contentions is that the clause in question does not devise any estate in the land but only confers upon the children and grandchildren of Nowlein certain agricultural rights and privileges in respect thereto. Assuming this to be true the petitioner concludes that as to the land itself Nowlein died intestate and therefore it descended to his heirs at law as provided by statute. The other contention is that

even if there was a devise of an estate in the land the devise was to the children of Nowlein and not to his grandchildren. In other words, the complainant claims that the devise to the sons and daughters and grandchildren of the testator, so far as the grandchildren are concerned, are words of limitation and not of purchase and therefore the interest of the grandchildren is limited to that acquired by them as the heirs at law of their deceased parents, who were the children of Nowlein. We will dispose of these contentions in their order.

. It is apparent from clauses 9 and 10 of the will that the land now sought to be partitioned is a portion of the testator's property situated on the Island of Molokai, called Keaupukaloa. There is evidently a watercourse or gulch bisecting this land. The testator in his will designated that part of it below the watercourse or gulch as his "homestead estate." This homestead estate by clause 9 he devised in fee to his wife, Akela, in lieu of her dower, and to her son Samuel. He also gave to these two beneficiaries the right of fishing and the right to use the wood and ti leaves from the top of this land to the sea. The testator then proceeds in clause 10 to express his intention regarding that portion of Keaupukaloa lying above the watercourse or gulch and also to express his intention regarding the right he desired to confer on his sons and daughters and grandchildren to the fishing and to the use of the wood and ti leaves appurtenant to Keaupukaloa from the top of the land to the sea.

The complainant claims that it is apparent from clause 10 that the intention of the testator was to grant to the beneficiaries herein named only the right to use the wood and ti leaves and to plant cane, coffee and other things on the land, but as to the land itself he died intestate. With this construction of clause 10 we do not agree. In the first place, there is a strong presumption of law

against it.  In *Estate of Isenberg,* 28 Haw. 590, this court
said: "In construing a will there is a strong presumption
against partial intestacy.  When the language of a will
is susceptible of two constructions, one producing and the
other avoiding a partial intestacy, the latter is to be
favored."  In the second place, it is evident from the
language used in clause 10 that the testator intended to
confer on his sons and daughters and grandchildren a
greater benefit than merely to exercise the limited rights
as claimed by the complainant.  Omitting crudities of
spelling and expression, he declares in effect as follows:
I give and bequeath unto my sons and daughters and
grandchildren, who would like to plant cane or coffee or
anything else, the upper part of the land called Keaupu-
kaloa on the Island of Molokai, that is to say, that part
which is separated from my residence by the watercourse
or gulch.  This is clearly a devise of the entire estate
in the land described.  Following this devise of the land
the testator declares: From the top of the land to the sea
they (meaning his sons and daughters and grandchil-
dren) shall have the right of fishing and wood and ti
leaves in common forever.  Whether this is an expression
of the testator's intention that his sons and daughters and
grandchildren should share with his wife and her son
Samuel the fishing rights and the use of the wood and ti
leaves on the entire land comprising Keaupukaloa, we
need not decide.  That question is not involved in the
present suit.  Neither is it necessary to decide the effect
of the remainder of clause 10, in which alienation of these
fishing rights and the right to use the wood and ti leaves
is forbidden.

The remaining contention of complainant is that under
the devise to the sons and daughters and grandchildren
of the testator, contained in clause 10 of the will, the
word "grandchildren" is a word of limitation and not of

purchase and therefore the grandchildren take *per stirpes* and not *per capita.* This position is unsound. The devise was to a class of persons composed of the testator's sons and daughters and grandchildren and the members of this class take *per capita.* In *Lidgate* v. *Danford,* 23 Haw. 317, 326, this court said: "Where property is devised to children and grandchildren it has been held that the division among them is to be *per capita* even though the beneficiaries are not named individually, unless a contrary intent appears in the will." Several cases are cited by the court in support of this proposition.

On this point the court below took a contrary view. This was error. The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*C. F. Peterson* and *Brown, Cristy & Davis* for complainant.

*W. F. Crockett* and *Wendell F. Crockett* for respondents-appellants.

*E. R. Bevins,* guardian *ad litem* for the minor respondent, filed no brief.